*284 OPINION.
Littleton:
The Commissioner refused to allow petitioner any deduction on account of the debt due it by the Connecticut Farmer Co. either for 1920 or 1921. Petitioner now concedes that the dis-allowance of the partial charge-off of $4,619.50 as a deduction in the fiscal year ending February 29, 1920, was proper, but claims that it is entitled to a deduction of this amount together with the amount charged off in 1921, totaling $23,051.80 for the fiscal year ending February 28, 1921. We are of the opinion that the deduction claimed should be allowed.
The evidence shows that during the year ending February 29, 1920, and a portion of the year ending February 28, 1921, there were prospects of the sale or reorganization of the Connecticut Farmer Co. and the petitioner had hopes of collection of all or a portion of the indebtedness. The debt was not wholly worthless in the calendar year 1920. The partial charge-off in that year was therefore correctly disallowed by the Commissioner. At February 28, 1921, negotiations for the sale or reorganization of the Connecticut Farmer Co. had failed and petitioner’s principal officer and stockholder had failed in his efforts to find a competent manager and editor. The liabilities of the Connecticut Farmer, exclusive of capital stock, exceeded its assets by more than $32,000. The amounts of $4,619.50 charged off at February 29, 1920, and $18,432.30 charged off February 28, 1921, were worthless and uncollectible at February 28, 1921, and the total of $23,051.80 was a proper deduction from gross income for the fiscal year ending February 28, 1921. Egan & Hausman Co., *285 1 B. T. A. 556; John E. Saddler, 2 B. T. A. 1305; Midland Coal Co., 1 B. T. A. 311; Mason Machine Works Co., 3 B. T. A. 745; Lamb Lumber & Implement Co., 6 B. T. A. 429.

Judgment will be entered on 15 days' notice, under Rule 50.